UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:05-CV-194-R

DON WISECARVER, CAROL MCCAMY, and
KAREN SOLOMON                                                                                         PLAINTIFFS

V.

LORETTA MOORE and EVELYN PAGE                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Motion to Dismiss (Dkt. # 11) of Defendants Loretta Moore and Evelyn Page. Plaintiffs responded (Dkt. # 13), Defendants replied (Dkt. # 14), and this matter is now ripe for decision. For the reasons set forth below, Defendants' Motion will be **GRANTED** and the case **DISMISSED** for lack of jurisdiction.

**BACKGROUND**

Plaintiffs Don Wisecarver, Carol McCamy, and Karen Solomon are the nephew and nieces of Mr. Floyd McCamy, who died testate in Butler County, Kentucky on November 8, 2004. After probate of Mr. McCamy's last will and testament, the Defendants, who had come to know Mr. McCamy in the later years of his life and who apparently helped care for him during that time, received $543,714.29. Plaintiffs, who are citizens of California and Tennessee, filed the current action in this Court claiming fraud, breach of fiduciary duty, breach of confidential relationship, undue influence, conspiracy, and procuring and promoting a false will. As grounds for these claims, they allege that the Defendants "exercised undue influence on Floyd C. McCamy, and procured from Floyd C. McCamy his signature on testamentary documents whereby he purported to leave his estate to the Defendants Loretta Moore and Evelyn Page." (Complaint, Dkt. # 2, at 3). Plaintiffs further allege that "the defendants obtained a Power of

Attorney from the deceased prior to his death and used that Power of Attorney for their benefit" and that they "failed to use good faith in exercising the authority granted by the power of attorney." (*Id.*). The relief Plaintiffs seek consists of money damages, in addition to the following: (i) an order "enjoin[ing] Defendants from disposing of the assets which they received from the estate;" (ii) an order "requiring an accounting by the defendants of all the assets of the deceased which are in their possession and which were obtained during the last two years of the deceased['s] life including, but not limited to, any money or personal items;" (iii) "an order divesting the defendants of all property retained by them which property should be returned to the plaintiffs as heirs, next of kin and intended beneficiaries of the deceased;" and (iv) an order "that the Will [*sic*] that was probated be declared invalid and that the defendants' [*sic*] be denied any of the benefits of the estate which they have received." (Complaint, Dkt. # 2, at 5).

Defendants filed the instant motion seeking dismissal for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted. As to the subject matter jurisdiction issue, Defendants argue that, although the parties are diverse and the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. 1332(a)(1), the "probate exception" to diversity jurisdiction should apply to prevent this Court from exercising jurisdiction.

## DISCUSSION

Defendants argue that the Court does not have jurisdiction to adjudicate this case because it falls within the "probate exception" to federal diversity jurisdiction. The United States Supreme Court established the probate exception in *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946). The Sixth Circuit Court of Appeals recently summarized

*Markham*'s holdings on the subject as follows: "the equity jurisdiction of the courts does not extend to claims requiring (1) interference with probate proceedings, (2) assumption of general jurisdiction over probate, or (3) assumption of control over property in the custody of a state court." *Evans v. Pearson Enterprises*, 434 F.3d 839, 847 (6th Cir. 2006).  As an earlier Sixth Circuit case explained: "The probate exception is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court." *Lepard v. NBD Bank*, 384 F.3d 232, 237 (*quoting Cenker v. Cenker*, 660 F.Supp. 793, 795 (E.D. Mich. 1987)).

Plaintiffs respond that "the standard for determining whether the federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the Probate Court." (Response, Dkt. # 13, at 2).  Plaintiffs argue that, because Kentucky does not have probate courts and, statutorily, reposes jurisdiction over probate matters in part in the state's District Courts and in part in the state's Circuit Courts, the probate exception does not apply.  KRS 24A.120 provides that Kentucky's District Courts "shall have exclusive jurisdiction in ... [m]atters involving probate, except matters contested in an adversary proceeding.  Such adversary proceeding shall be filed in Circuit Court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal..."

While this statutory scheme may provide a basis on which to distinguish the case at bar from *Lepard*, it does not alter the fact that the standards set forth in the *Markham* case apply to define the probate exception.  The relief sought by Plaintiffs in this case would require this Court to intervene in already-completed probate proceedings and to assume general jurisdiction over the probate of Mr. McCamy's estate.  It is exactly this kind of case the probate exception is

designed to remove from federal jurisdiction and, though they are not probate courts, the Kentucky District and Circuit courts will naturally have expertise and experience in applying Kentucky probate law, which granting Plaintiffs' requested relief would undoubtedly require.

Because there is no subject matter jurisdiction over Plaintiffs' claims, the Court will not address the issue of Defendant's suggested, but not argued, alternative requests for summary judgment and/or dismissal for failure to state a claim.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' Motion to Dismiss.  An appropriate order shall issue.