UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:05-CV-194-R

DON WISECARVER, CAROL MCCAMY, and
KAREN SOLOMON                                                                                    PLAINTIFFS

v.

LORETTA MOORE and EVELYN PAGE                                                       DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Motion to Set Aside Judgment (Dkt. # 17) of Plaintiffs Don Wisecarver, Carol McCamy, and Karen Solomon. Defendants Loretta Moore and Evelyn Page responded (Dkt. # 18), Defendants replied (Dkt. # 19), and this matter is now ripe for decision. For the reasons set forth below, Plaintiffs' Motion will be **DENIED**.

## BACKGROUND

Plaintiffs Don Wisecarver, Carol McCamy, and Karen Solomon are the nephew and nieces of Mr. Floyd McCamy, who died testate in Butler County, Kentucky on November 8, 2004. After probate of Mr. McCamy's last will and testament, the Defendants, who had come to know Mr. McCamy in the later years of his life and who apparently helped care for him during that time, received $543,714.29. Plaintiffs, who are citizens of California and Tennessee, filed the current action in this Court claiming fraud, breach of fiduciary duty, breach of confidential relationship, undue influence, conspiracy, and procuring and promoting a false will. As grounds for these claims, they allege that the Defendants "exercised undue influence on Floyd C. McCamy, and procured from Floyd C. McCamy his signature on testamentary documents

whereby he purported to leave his estate to the Defendants Loretta Moore and Evelyn Page." (Complaint, Dkt. # 2, at 3). Plaintiffs further allege that "the defendants obtained a Power of Attorney from the deceased prior to his death and used that Power of Attorney for their benefit" and that they "failed to use good faith in exercising the authority granted by the power of attorney." (*Id.*). The relief Plaintiffs seek consists of money damages, in addition to the following: (i) an order "enjoin[ing] Defendants from disposing of the assets which they received from the estate;" (ii) an order "requiring an accounting by the defendants of all the assets of the deceased which are in their possession and which were obtained during the last two years of the deceased['s] life including, but not limited to, any money or personal items;" (iii) "an order divesting the defendants of all property retained by them which property should be returned to the plaintiffs as heirs, next of kin and intended beneficiaries of the deceased;" and (iv) an order "that the Will [*sic*] that was probated be declared invalid and that the defendants' [*sic*] be denied any of the benefits of the estate which they have received."  (Complaint, Dkt. # 2, at 5).

  Defendants filed a motion seeking dismissal for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted. By Order of April 7, 2006 (Dkt. # 16) the Court granted the motion to dismiss on grounds that the "probate exception" deprived the Court of jursidcition to hear the case. Since that time, the United States Supreme Court has decided the case of *Marshall v. Marshall*, --- U.S. --- , 126 S.Ct. 1735, --- L.Ed.2d --- (May 1, 2006). Plaintiffs seek relief from the judgment on grounds that this judgment was "based upon a previous decision which has either been reversed or otherwise vacated; or upon a judgment that is no longer applicable to prospective applications; or for 'any other reason justifying relief from the operation of the judgment.'" (Reply, Dkt. # 19, at 1).

## DISCUSSION

Defendants argue that Plaintiffs are not entitled to relief from the judgment because "(1) the Plaintiffs have failed to identify upon which section of Rule 60(b) they are relying; (2) a change in controlling decisional law after the judgment does not warrant reopening the judgment; and (3) the recent ruling in [*Marshall, id.*], relied upon by the Plaintiffs, supports the applicability of the probate exception in this case." (Response, Dkt. # 18, at 1).

As to Defendants' first argument, that Rule 60(b) does not afford relief where, as here, the grounds for that relief are an alleged change in controlling law, the Court agrees that the only provision of Rule 60(b) that could apply is number (6), the catch-all provision, which allows relief for "any other reason justifying relief from the operation of the judgment." In *Berryhill v. United States*, the Sixth Circuit Court of Appeals said: "It appears to be the settled rule that a change in the judicial view of the applicable law, after a final judgment, is not a basis for vacating a judgment entered before announcement of the change." 199 F.2d 217, 219 (6th Cir. 1952) (citing *Sunal v. Large*, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *Scotten v. Littlefield*, 235 U.S. 407, 35 S.Ct. 125, 59 L.Ed. 289 (1914); *United States v. Kunz*, 163 F.2d 344 (2d Cir. 1947); *Lehman Co. v. Appleton Toy & Furniture Co.*, 148 F.2d 988 (7th Cir. 1945)). In that case, the court noted that the right of appeal protected the appellant's rights. *Id.*

Similarly, here, the Court believes the best course to follow is for Plaintiffs to pursue this matter on appeal. At issue is the applicability of the probate exception, as modified or clarified by the *Marshall* decision, to the Complaint in this case; any decision by the Court on this issue would likely also be appealed in any event. It appears that the parties are better served by

appealing the case without any delay or even the possibility of a trial which might ultimately not be warranted.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiffs' Motion. An appropriate order shall issue.